UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| KERRY C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-04144-SLD |
| | ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court is Plaintiff Kerry C.'s Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412(d), ECF No. 11. For the reasons that follow, the motion is GRANTED.

BACKGROUND

Kerry filed her Complaint on August 5, 2024, seeking judicial review of the Commissioner of Social Security's ("the Commissioner") final decision denying her claim for disability benefits. Compl. 1, ECF No. 1. On September 18, 2024, Kerry and the Commissioner filed a joint stipulation stating that the decision denying Kerry's request for benefits should be reversed and remanded. Joint Stipulation Remand Comm'r 1, ECF No. 8. The Court construed the stipulation as a motion to remand, which it granted pursuant to sentence four of 42 U.S.C. § 405(g). Oct. 9, 2024 Order 1–2, ECF No. 9. Judgment was entered on October 15, 2024. Judgment, ECF No. 10. Kerry filed her motion for attorney's fees on December 27, 2024. Mot. Att'y Fees 1. The Commissioner does not oppose the motion. Resp. Mot. Att'y Fees 1, ECF No. 13.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted for her predecessor. The Clerk is directed to update the docket accordingly.

1

## DISCUSSION

### I. Attorney's Fees Under the Equal Access to Justice Act

Under the Equal Access to Justice Act ("EAJA"), a litigant who is successful in her suit against the federal government is entitled to recover her attorney's reasonable fees if: (1) she is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) she filed a timely application with the district court. 28 U.S.C. § 2412(d)(1); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Kerry is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in her favor and her case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

Second, Kerry's motion is timely. Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within thirty days of final judgment in the action. The term "final judgment" refers to judgments entered by a court of law, not decisions rendered by an administrative agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 95–96 (1991). In Social Security cases involving a remand, the filing period for attorney's fees does not begin until the judgment is entered by the court, the appeal period has run, and the judgment

has thereby become unappealable and final. *Id.* at 102; *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until thirty days after a judgment becomes 'not appealable'—*i.e.*, thirty days after the time for appeal has ended."). Judgment was entered on October 15, 2024, and Kerry filed her motion on December 27, 2024, seventy-three days later. Either party would have had sixty days to appeal, *see* Fed. R. App. P. 4(a)(1)(B) (providing that where one party is a United States officer sued in an official capacity, the parties have sixty days to appeal), plus the thirty-day allowance in accordance with § 2412(d)(1)(B). Thus, Kerry had to file her motion within ninety days of entry of judgment. Because Kerry's motion falls within this window, the Court finds that the request is timely.

Third, the Commissioner's position was not "substantially justified." EAJA fees may be awarded if either the Commissioner's litigation position or pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that the position was substantially justified. *Golembiewski*, 382 F.3d at 724. Here, Kerry implies that the Commissioner's position was not substantially justified because the Commissioner agreed that a remand was required in this case. Mot. Att'y Fees 5–6. The Commissioner does not oppose Kerry's motion, *see* Resp. Mot. Att'y Fees 1, so the Court finds that the Commissioner's position was not substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust. Therefore, Kerry is entitled to recover reasonable attorney's fees under the EAJA.

II.     **Reasonableness of Kerry's Attorney's Fees**

It is a successful litigant's burden to prove that the attorney's fees she requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id*. at 433. The rate is calculated with reference to prevailing market rates and capped at $125/hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate . . . may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Such showings are required "to avoid the possibility of a 'windfall'" for the successful litigant's attorney. *Id.* at 429.

To determine the appropriate number of hours worked, the Court turns to Kerry's attorney's declaration of hours of work before the Court. *See* Aff. Att'y 7,[2] ECF No. 11-1. The declaration shows that Kerry's attorney spent 2.7 hours working on matters before the Court in Kerry's case. *Id.*; *see also id.* at 3 (averring that the tabulated hours were expended by Kerry's attorney). The Court finds that those 2.7 hours were appropriately billed. *Cf. Kinsey-McHenry v. Colvin*, No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting

---

[2] Kerry's attorney's affidavit consists of four components: (1) numbered paragraphs of factual averments; (2) a table of hours that her attorney worked on this case; (3) the fee agreement between herself and her attorney; and (4) a screenshot from the U.S. Bureau of Labor Statistics' website. Aff. Att'y 1–9. The affidavit does not separate these components into separate exhibits and the final three components are unpaginated, so the Court uses the page numbers generated by CM/ECF for the affidavit as a whole.

that courts within the Seventh Circuit have found forty to sixty hours expended on a Social Security appeal reasonable).

Kerry asserts that her attorney's work should be compensated by a total payment of $648.00—an hourly rate of $240.00 for 2.7 hours of work. Aff. Att'y 4. To justify this sum, Kerry's attorney invokes the cost-of-living adjustments allowed under 28 U.S.C. § 2412(d)(2)(A)(ii) and asserts that "District Courts in this region (including this Court) have allowed increases in an attorney's hourly billed rate for cost of living changes, without controversy." *Id.* at 3–4. More specifically, Kerry's attorney points to the average Consumer Price Index for all items for urban consumers in the Midwest region ("MCPI"), which is the area where Kerry's attorney "practice[s] law." *Id.* at 3–4, 9.

"[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). To determine what fee increase above the statutory ceiling may be authorized, courts have looked to the ratio of indices like the MCPI at the time legal services were rendered to the index at the time the current statutory limit of $125 was set. *See Sprinkle*, 777 F.3d at 428 & n.2 (leaving to a court's discretion "whether to adopt the national or regional index in specific cases"); Aff. Att'y 3–4, 9 (using the MCPI—a regional index—for cost-of-living adjustments). The $125 limit is multiplied by this ratio to determine the proportional change in rate. *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012). The work in this case was performed between July 2024 and October 2024. Aff. Att'y 7. The MCPI in the relevant months was as follows: (1) 292.256 in July 2024; (2) 292.559 in August 2024; (3) 292.547 in September 2024; and (4) 292.291 in October 2024. *See Consumer*

*Price Index for All Urban Consumers (CPI-U)*, U.S. Bureau of Lab. Stat., https://data.bls.gov/cgi-bin/srgate (enter "CUUR0200SA0," select "Next - >", select "1996" for "From" and "2024" for "To" under the "Specify year range:" heading, and hit "Retrieve Data") (last visited Jan. 7, 2025).

As the MCPI in March 1996 was 151.7, *id.*, the MCPI increased by a factor of 1.927 for July 2024, 1.929 for August 2024, 1.928 for September 2024, and 1.927 for October 2024. Increases of the $125 cap to $240.82, $241.07, $241.06, and $240.85, respectively are therefore warranted. Using those rates, the total amounts of attorney's fees for the work performed in the relevant months are: (1) $313.06 in July 2024; (2) $216.96 in August 2024; (3) $24.11 in September 2024; and (4) $96.34 in October 2024. This leads to a final total of $650.47. The Court finds that the lower amount of requested fees—$648.00—is reasonable, as it is lower than the otherwise reasonable total amount of fees, $650.47. *See* Aff. Att'y 4.[3]

Turning to whether Kerry's attorney's requested rate exceeds the prevailing market rate, *Sprinkle* requires not only calculations based on information like the MCPI, but also "evidence that the rate [the attorney] request[s] is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience." *Sprinkle*, 777 F.3d at 428. "Attorney affidavits, or in some cases even a single sworn statement from a claimant's attorney setting forth the prevailing market rate, can be sufficient" to establish the prevailing rate. *Abhsie v.*

---

[3] Kerry's attorney used a figure based upon the MCPI for July 2024 to arrive at the total of $648.00. *Sprinkle* instructs that "[c]ourts should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed," and the Court's month-based calculation more closely aligns with using the date of performance. *See Sprinkle*, 777 F.3d at 428 (footnote omitted). *Sprinkle* also emphasizes "the goal of keeping EAJA fee proceedings relatively simple," and notes that the Commissioner may offer contrary evidence if it "believes for some reason that the CPI does not accurately reflect what has happened in a particular legal market." *Id.* Here, the Commissioner has no opposition to Kerry's attorney's requested fee, Resp. Mot. Att'y Fees 1, and Kerry's attorney's use of July 2024 as a heuristic for work performed between July and October 2024 results in a figure lower than what he would otherwise be entitled to, such that the Court finds that Kerry has sufficiently demonstrated that $648.00 is a reasonable adjustment for cost-of-living changes.

*Berryhill*, No. 16 CV 7357, 2017 WL 4804741, at *1 (N.D. Ill. Oct. 25, 2017) (citing *Sprinkle*, 777 F.3d at 428–29). Kerry's attorney avers that the requested rate of $240.00/hour "is in line with those prevailing in this legal community for similar services by lawyers of comparable skill and experience" and states that when he does not work on a contingency fee basis that he "charge[s] and request[s] approval of a fee of $350.00 per hour or more." Aff. Att'y 3–4. Moreover, a rate of $240.00/hour is in line with rates recently awarded by the Court in similar cases. *See, e.g.*, *Aaron T. v. O'Malley*, No. 4:24-cv-04046-SLD-JEH, 2024 WL 4445059, at *4 (C.D. Ill. Oct. 8, 2024) (awarding EAJA fees at a rate of $243.75). Because Kerry's attorney avers that his requested rate is lower than what he charges his paying clients and is in line with recently awarded rates for similar work in this region, the Court finds that Kerry's attorney's requested rate does not exceed the prevailing rate.

In sum, the Court finds that Kerry's requested attorney's fees are reasonable and that the requested rate does not exceed the prevailing market rate. Kerry assigned her right to EAJA fees to her attorney. *See* Aff. Att'y 8. Provided that Kerry does not owe any qualifying debts to the United States, the EAJA fees are payable directly to Kerry's attorney. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421.

## CONCLUSION

Accordingly, Plaintiff Kerry C.'s Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412(d), ECF No. 11, is GRANTED. Kerry's attorney is awarded $648.00 in attorney's fees. This amount may be offset to satisfy any pre-existing debt that Kerry owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). If payment is mailed, instead of electronically

7

deposited, it shall be mailed to Kerry's attorney's address of record: 1777 Washington Crossing, Unit 1382, Washington, MO 63090-9998.

Entered this 23rd day of January, 2025.

s/ Sara Darrow  
SARA DARROW  
CHIEF UNITED STATES DISTRICT JUDGE